# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **DENISE MITCHELL,** | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | **Civil Action No.:** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

COMES NOW the plaintiff, Denise Mitchell, (hereinafter "Plaintiff"), by and through her undersigned counsel, and brings this action against the United States of America (hereinafter "Defendant"), and alleges the claims set forth herein.

## PARTIES

1.  Plaintiff, DENISE MITCHELL, is an adult citizen residing at 139 Shadow Pointe Circle, Huntsville, Alabama 35805.

2.  Defendant, the United States of America, is the proper party to this action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* which at all times was acting through the Birmingham, Alabama VA Health Care System (hereinafter "BVA") located in Birmingham, Alabama with an affiliated clinic located in Huntsville, Alabama (hereinafter "BVA Clinic").

3.  Thomas Price, Secretary of Health and Human Services, has oversight responsibility for the Health Care Financing Administration, the agency responsible for administering the federal Medicare program. Upon information and belief, the Medicare program

paid health claims on behalf of the plaintiff for medical care and services rendered as a result of the medical negligence, which is the subject of this case. Pursuant to 42 U.S.C. § 1395y(b)(2), Medicare may be entitled to reimbursement for related paid claims if plaintiff recovers through settlement or judgment.

## JURISDICTION AND VENUE

4.      The plaintiff is informed and believes that, in this case, if the United States were a private person, liability would be imposed under the laws of the State of Alabama upon the practice, physicians, staff and other agents, servants, and employees charged with the responsibility for the medical care and treatment of DENISE MITCHELL, acting within the course and scope of their federal employment with the BVA.

5.      This Court has jurisdiction of this action pursuant to its Federal Question Jurisdiction as provided for by 28 U.S.C. §§ 1331 and 1346, in that the action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2761, *et seq.*, and the U.S. government is a defendant.

6.      Venue is proper in this District and Division because a substantial part of the acts and omissions forming the basis of these claims occurred in this District and Division.

7.      The plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act by timely serving Administrative Tort Claims via Certified Mail on August 27, 2019; August 7, 2019; June 28, 2019; and May 31, 2019. These claims were all denied on April 30, 2020. *(See Letters of Denial attached as Exhibit 1).*

## GENERAL FACTUAL ALLEGATIONS

8.      Plaintiff, DENISE MITCHELL, transferred her Veteran's Administration sponsored care from VA Medical Center in Indianapolis, Indiana to The Birmingham Alabama VA Health Care System (BVA) in February of 2009 due to relocation of her residence to Alabama.

From that time until August of 2019 she received medical care from BVA and its affiliated clinic, BVA Clinic.

9. At the time she presented for care to the BVA in February 2009, she had been receiving 4 grams of acetaminophen per day since approximately December 27, 1996 through February 2009 (over 12 years) as prescribed to her by the VA in Indianapolis as treatment for chronic pain.

10. Upon commencement of her care at BVA Clinic inf February 2009, her acetaminophen dosage was reduced to 2.6 grams per day. This dose was continued through August of 2019 (over 10 years).

11. Acetaminophen is toxic to the liver in high doses especially when prescribed over a prolonged period of time.

## COUNT I – NEGLIGENCE UNDER THE FEDERAL TORT CLAIM ACT

12. Plaintiff re-alleges and incorporates by reference the material allegations set forth in the previous paragraphs as if set forth herein in this Count.

13. That the defendant, United States of America, through the VA and its employees, agents and/or apparent agents, rendered professional medical services, including but not limited to the period from February 2009 to August 2019; further, that said Defendant, by its employees, agents and/or apparent agents, failed to exercise ordinary care and medical skill in keeping with their profession and the area of the profession in which they specialized and in the manner in which their agents, employees and/or apparent agents, diagnosed, cared, treated and rendered medical services to DENISE MITCHELL.

14. While under the care, treatment, and supervision of the defendant herein, the plaintiff suffered serious, painful, and permanent injuries as hereinafter set forth under

"DAMAGES".

15. The said injuries suffered by the plaintiff, DENISE MITCHELL, were caused by defendant's agents, apparent agents, servants, employees, joint venturers, and contractors, to exercise reasonable care under all the facts and circumstances then and there present in that they:

   a. continued prescribing acetaminophen from February 2009 through August of 2019 despite its known toxicity;

   b. failed to recognize the potential for liver damage when acetaminophen is prescribed in high doses for a long period of time;

   c. failed to ascertain whether there were any untoward effects caused by the acetaminophen;

   d. failed to discontinue the use of acetaminophen at any time through August of 2019 despite evidence of liver damage;

   e. failed to recognize the significance of an abdominal CT scan obtained on April 5, 2011 that revealed a mass in the right hepatic lobe (part of the liver),

   f. failed to inform the plaintiff of the mass seen on the CT of April 5, 2011;

   g. failed to inform the plaintiff that this mass may have developed from the chronic and improper use of acetaminophen;

   h. failed to discontinue the use of acetaminophen;

   i. failed to further investigate the mass seen on the CT of April 5, 2011;

   j. failed to recognize the significance of an abdominal ultrasound done on October 5, 2017 that revealed "coarse hepatic architecture, compatible with hepatocellular disease" (evidence of liver damage);

   k. failed to inform the plaintiff of this evidence of liver damage revealed by the

      ultrasound of October 5, 2017;

l.  failed to inform the plaintiff that the evidence of liver damage was likely due to the chronic and improper use of acetaminophen;

m.  failed to discontinue the use of acetaminophen;

n.  failed to further investigate the evidence of liver damage seen on the ultrasound of October 5, 2017;

o.  failed to recognize the significance of MRI's of the abdomen obtained April 5, 2011 and February 19, 2019 which both revealed the mass in the right hepatic lobe noted on the CT scan of April 5, 2011;

p.  failed to inform the plaintiff of the mass seen on both MRI's;

q.  failed to inform the plaintiff that this mass may have been caused by the chronic and improper use of acetaminophen;

r.  failed to discontinue the use of acetaminophen;

s.  failed to further investigate the mass seen on the MRI's of April 5, 2011 and February 19, 2019;

t.  failed to make the diagnosis of hepatic steatosis; and,

u.  failed to refer the plaintiff to a hepatologist (liver specialist).

## **DAMAGES**

16.    As a result of the carelessness and negligence of the defendant, and its agents, apparent agents, servants, employees, joint venturers and contractors, DENISE MITCHELL suffered the following severe, serious, and painful permanent injuries:

a.  permanent liver damage;

b.  hepatocellular disease;

      c. hepatic steatosis;

      d. chronic liver disease;

      e. a high likelihood of developing cirrhosis of the liver; and,

      f. the potential need for a liver transplant in the future.

17. As a result of the aforementioned injuries, the plaintiff, DENISE MITCHELL, has endured in the past and will continue to endure in the future the following damages, including but not limited to: pain, suffering and disability; economic loss, including but not limited to, medical and hospital expenses and a loss of earning capacity all in an unspecified amount pursuant to Alabama Statute.

18. As a result of the causal negligence of the defendant, and its agents, apparent agents, servants, employees, joint venturers and contractors, is directly liable to the plaintiff in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff, DENISE MITCHELL, does hereby pray and demand that judgment be entered in her favor and against the defendant, to be determined by the Court, which will fairly and adequately compensate the plaintiff for the injuries and damages sustained, together with interest from the date of injury, and attorney's fees and other costs of this proceeding, and any other remedy the Court deems just and equitable under the circumstances.

Respectfully submitted,

/s/*John R. Spade*
JOHN R. SPADE (SPA035)
*Counsel for the Plaintiff*

**OF COUNSEL:**

HOLLIS, WRIGHT, CLAY & VAIL, P.C.
2201 Morris Avenue
Birmingham, AL 35203
Phone: 205-324-3600
Fax: 205-324-3636


**SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

U.S. Attorney for the Northern District of Alabama
Attention: Prim F. Escalona
1801 4th Avenue North
Birmingham, AL 35203

Attorney General of the United States
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001